Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX PINO, | Case No.: |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| AMERICAN EXPRESS NATIONAL BANK; DISCOVER BANK; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION LLC; and DOES 1 through 10, inclusive, | |
| Defendants. | |

## I. INTRODUCTION

1) This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA") and the California Consumer Credit Reporting Agencies Act, Civil Code §1785.1 *et seq.* ("CCRAA") both of which prohibit unlawful credit reporting.

## II. JURISDICTION AND VENUE

2) Jurisdiction of this Court arises under 28 U.S.C. §1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District

is proper in that the Defendants transact business here and the conduct complained of occurred here.

### III.  PARTIES

3) Plaintiff FELIX PINO is a natural person residing in the State of California, County of Riverside.

4) Defendant AMERICAN EXPRESS NATIONAL BANK at all times relevant was a company doing business in Riverside County, California operating from an address at World Financial Center, 200 Vesey St., New York, NY 10285.

5) Defendant DISCOVER BANK at all times relevant was a company doing business in Riverside County, California operating from an address at address at 6500 New Albany Road, New Albany, OH 43054.

6) Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") at all times relevant was a corporation doing business in Riverside County, California operating from an address at 475 Anton Blvd., Costa Mesa, CA 92626.  Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.  Experian disburses such consumer reports to third parties under contract for monetary compensation.

7) Defendant EQUIFAX INFORMATION SERVICES, LLC ("Equifax") at all times relevant was a limited liability company doing business in Riverside County, California operating from an address at 1550 Peachtree Street NW, H46, Atlanta, GA 30309. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

8) Defendant TRANS UNION LLC ("Trans Union") at all times relevant was a

limited liability company doing business in Riverside County, California operating from an address at 555 W Adam St., Chicago, IL 60661. Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties. Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

9) The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sue these Defendants by such fictitious names.  Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff.  Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

## IV.  FACTUAL ALLEGATIONS

10) Plaintiff was not and is not deceased.

11) Plaintiff received notice from a credit monitoring service that he was being reported as deceased.

12) Plaintiff obtained his credit reports and discovered AMERICAN EXPRESS and DISCOVER BANK reported him as deceased to EXPERIAN, EQUIFAX, and TRANS UNION (collectively known as the Credit Reporting Agencies or "the CRAs").

13) Plaintiff sent a dispute letter to each of the CRAs explaining that he was not deceased.

14) The CRAs notified AMERICAN EXPRESS and DISCOVER BANK of the disputes.

15) EXPERIAN and EQUIFAX did not correct the inaccurate information and continued to report him as deceased.

16) AMERICAN EXPRESS, DISCOVER BANK, EXPERIAN and EQUIFAX failed to conduct reasonable investigations into the disputes alleged by Plaintiff and continued to report the inaccurate information regarding the account to his credit file.

17) Defendants knew or should have known that Plaintiff was not deceased.

18) Defendants did not implement reasonable procedures to avoid the error in reporting Plaintiff as deceased.

19) Defendants negligently produced consumer reports with respect to Plaintiff that contained false information.

20) Defendants further negligently failed to maintain reasonable procedures designed to avoid the reporting of false information.

21) As a result of Defendants' actions, Plaintiff suffered emotional distress and damage to his credit worthiness.

## V.  FIRST CLAIM FOR RELIEF

### (Against All Defendants for Violations of the FCRA)

22) Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

23) The CRAs violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

24) EXPERIAN and EQUIFAX violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to the furnishers; and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

25) AMERICAN EXPRESS and DISCOVER BANK violated 15 U.S.C. §1681s-2(b) by furnishing the false information after Plaintiff's disputes; by failing to fully and

properly investigate Plaintiff's disputes; by failing to review all relevant information regarding same; by failing to accurately respond to the CRAs; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the false information to CRAs.

26) The Defendants' unlawful conduct damaged Plaintiff as referenced above.

27) The Defendants' unlawful conduct was willful.

28) Plaintiff is entitled to recover damages under 15 U.S.C. §§1681n and/or 1681o.

29) Plaintiff is further entitled to recover costs and attorneys' fees pursuant to 15 U.S.C. §§1681n and/or 1681o.

## VI.  SECOND CLAIM FOR RELIEF

### (Against All Defendants for Violation of the CCRAA)

30) Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

31) Defendants violated the CCRAA, by including but not limited to, the following:

   (a) The CRAs violated California Civil Code §1785.14(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff;

   (b) EXPERIAN and EQUIFAX violated California Civil Code §1785.16 by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file; and

   (c) AMERICAN EXPRESS and DISCOVER BANK violated California Civil Code §1785.25(a) by furnishing information on a specific transaction or experience to a consumer credit reporting agency that AMERICAN EXPRESS and DISCOVER BANK knew or should have known was incomplete or inaccurate.

32) Defendants' acts as described above were done negligently and/or intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

33) As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

34) Defendants' violations were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1785.31.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants, and each of them, for the following:

(a)   Actual damages;

(b)   Statutory damages;

(c)   Punitive damages;

(d)   Costs and reasonable attorneys' fees; and

(e)   For such other and further relief as the Court may deem just and proper.

Date: June 16, 2025            __s/ Jeremy S. Golden_____
                               Jeremy S. Golden,
                               Attorney for Plaintiff

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Date: June 16, 2025            __s/ Jeremy S. Golden_____
                               Jeremy S. Golden,
                               Attorney for Plaintiff